# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jandin Raul Munoz,<br><br>　　　　Petitioner,<br><br>v.<br><br>David Shinn, *et al.*,<br><br>　　　　Respondents. | No. CV-21-01074-PHX-JJT (ESW)<br><br>**ORDER** |

　　　At issue is the Report and Recommendation (Doc. 19, "R&R") submitted in this matter by United States Magistrate Judge Eileen S. Willett recommending that the Court deny Petitioner Jandin Raul Munoz's Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (Doc. 1) and Memorandum in Support (Doc. 5). Petitioner timely filed an overlength Objection to the R&R (Doc. 23), and then a length-compliant Amended Objection to the R&R (Doc. 26) which the Court deems timely. Respondents filed a document styled a "Reply" thereto (Doc. 27), which the Court treats as a Response per Fed. R. Civ. P. 72(b)(2), and Petitioner filed a Reply to that Response (Doc. 28).

　　　Also at issue is Respondents' Motion to Strike Petitioner's Reply in support of his Objections (Doc. 29), to which Petitioner filed a Response in opposition (Doc. 30). The Court will grant the Motion to Strike, overrule the Objections, adopt the R&R and deny the Petition.

. . . .

. . . .

## I. Respondents' Motion to Strike Reply

The issue of whether a party objecting to a R&R may file a reply to the other party's response is controlled entirely by Federal Rule of Civil Procedure 72 which states in relevant part that

> [w]ithin 14 days after being served with a copy of the [R&R], a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy.

Fed. R. Civ. P. Rule 72(b)(2). The rule thus provides only for an objection by a party who disagrees with some aspect of the R&R, and a response to that objection by the opposing party, and nothing more. It does not provide for a reply to the response. No other rule, either in the Federal Rules of Civil Procedure of the Local Rules of Practice for the District of Arizona provides a right of reply in support of objections to an R&R.[1] Each side gets but one "bite at the apple" in the context of arguing the R&R to this Court. The Court, having authorized no exception to that rule, will grant Respondents' Motion at Doc. 29 and strike the Reply at Doc. 28.

## II. Judge Willett's R&R and Petitioner's Objection Thereto

The Court reviews *de novo* those portions of Judge Willett's R&R to which Petitioner has objected. Fed. R. Civ. P. 72(b)(3). In so doing, it concludes that the R&R is correctly reasoned. Petitioner asserts that in his decision whether to accept the state's plea offer, it was of paramount importance to avoid sex offender terms of probation. (Doc. 5 at 10 (Petitioner stated he "did not want to take a plea that required or involved sex offender registration or sex offender terms.")) He grounds his ineffective assistance of counsel claim on the argument that his trial counsel errantly advised him that if he accepted the offer

---

[1] The Court notes that both parties errantly refer to LRCiv 7.2 in arguing this issue. (Doc. 29, 30.) Rule 7.2 deals only with "Motions," and is therefore inapplicable here, as there is no motion associated with an R&R. As Rule 72 clearly informs, there is only an objection by one side, and a response thereto by the other side. Unlike motion practice where, as the party with the burden of persuasion, the movant by rule gets both the first (motion) and last (reply) word, in the context of a magistrate judge's R&R on a dispositive matter, the rule provides each side one opportunity to be heard.

involving a probation "tail" to his sentence, the inclusion of sex offender terms would be "up to the court." (Doc. 5 at 9.) Petitioner asserts this advice was errant because the state trial court had no discretion under the law to impose such terms. Had Petitioner been so advised, he argues he would have accepted the plea offer. (Doc. 5 at 12.)

Judge Willett rejected Petitioner's argument, concluding that the state court was not unreasonable in finding 1) a sentencing judge could have retained the discretion to impose sex offender terms as conditions of probation had Petitioner entered the plea agreement offered, and thus 2) Petitioner's counsel did not misadvise him. (R&R at 10.) A sentencing judge has discretion to impose any conditions of probation unless they "violate fundamental rights or bear no reasonable relationship whatever to the purpose of probation over incarceration. *State v. Montgomery*, 566 P.2d 1329, 1330 (Ariz. 1977). Petitioner acknowledges as much. (Doc. 1 at 11.)[2] This Court easily concludes that the state court was not unreasonable on the record facts in ruling that sex offender terms could bear a reasonable relationship to the purpose of probation here. Whether Petitioner's offense of conviction, had he accepted the state's plea offer, was itself designated a sex offense or not, it involved sexual activity with the victim in association with either aggravated assault or kidnapping—the subject offenses of the alternative plea offers. A sentencing judge could reasonably conclude that one or more sex offender conditions were related to the purposes of probation in this matter.

Petitioner has failed to show his trial counsel's advice to him during plea negotiations was deficient or in any way below the standard of *Lafler v. Cooper*, 566 U.S. 156, 168 (2012). The state court's rejection of his ineffective assistance claim was neither contrary to nor an unreasonable application of *Strickland v. Washington*, 466 U.S. 668 (1984).

---

[2] The unpublished case law the parties argued before Judge Willett, even if it constituted precedential authority, also would support Judge Willett's conclusion. *State v. Mendoza*, No. 2 CA-CR 2007-0309, 2008 WL 5255887 (Ariz. Ct. App. 2008), as cited by Respondents, is entirely consistent with her conclusion, and *State v. Necochea*, No. 2 CA-CR 2012-0103-PR, 2012 WL 35291911 (Ariz. Ct. App. Aug. 15, 2012), cited by Petitioner, is easily distinguished on its unique posture and procedural history.

**IT IS ORDERED** granting Respondents' Motion to Strike Reply (Doc. 29).

**IT IS FURTHER ORDERED** overruling Petitioner's Amended Objection (Doc. 26), adopting in whole Judge Willett's R&R (Doc. 19) and denying the Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (Docs. 1, 5).

**IT IS FURTHER ORDERED** denying a certificate of appealability and leave to proceed *in forma pauperis* on appeal. Petitioner has not made a substantial showing of the denial of a federal constitutional right, and the Court concludes jurists of reason could not disagree thereabout.

**IT IS FURTHER ORDERED** directing the Clerk of Court to enter judgment accordingly and terminate this matter.

Dated this 23rd day of May, 2022.

Honorable John J. Tuchi
United States District Judge